RICHARD L. BRYANT and WILMA J. BRYANT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bryant v. Commissioner
Docket No. 1586-74.
United States Tax Court
T.C. Memo 1975-211; 1975 Tax Ct. Memo LEXIS 159; 34 T.C.M. (CCH) 914; T.C.M. (RIA) 750211; June 30, 1975, Filed Richard L. Bryant, pro se. Elsie Hall, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined deficiencies in the amounts of $71.75 and $149.80 in petitioners' Federal income tax for 1970 and 1971. The only issue remaining in dispute is whether petitioner Richard L. Bryant, an automobile salesman, is entitled to deductions in the amounts of $315 for 1970 and $420 for 1971 which he paid to his employer for the use of demonstrator and other automobiles during those years. FINDINGS OF FACT Petitioners Richard L. Bryant and Wilma J. Bryant, husband and wife, were legal residents of Indianapolis, Indiana, at the time their petition was filed. They filed their joint Federal income *160 tax returns for 1970 and 1971 with the Internal Revenue Service Center, Memphis, Tennessee. During 1970 and 1971, petitioner Richard L. Bryant (hereinafter petitioner) was employed by Tom Wood Pontiac, Inc., as a new and used car salesman. He worked 48 weeks during 1970 and 42 weeks during 1971. Petitioner's employer provided him with various automobiles during both of those years. For 5 months in 1970 and 2 months in 1971, he was furnished with a new Pontiac demonstrator. During the rest of those years, he was provided with a used car. Petitioner paid his employer, and deducted on his income tax returns, the amounts of $315 for 1970 [1]/ and $420 for 1971 for the use of those automobiles. Petitioner used the automobiles assigned to him in his negotiations with his customers. On occasion he made the cars available to service customers while their automobiles were being repaired. As needed, he used the cars to make other business calls, and other salesmen as well as his employer used the cars from time to time. In addition, *161 he used the cars for driving between his home and his place of work and for other personal purposes. Petitioner owned two automobiles which were driven by his wife and his son. On his income tax returns for 1970 and 1971, petitioner claimed and was allowed a deduction of $450 for each of those years for gasoline, oil, lubrication, etc., as employee business expense. In the notice of deficiency, respondent disallowed the $315 deducted by petitioner on his 1970 return and the $420 deducted on his 1971 return as a use charge for the automobiles assigned to him by his employer. Respondent determined that such amounts pertained to petitioner's personal use of the cars and were not payment for their business use. OPINION The issue as to whether the amounts petitioner paid his employer for the use of the automobiles assigned to him during 1970 and 1971 were ordinary and necessary business expenses within the meaning of section 162(a), Internal Revenue Code of 1954, is basically factual. Petitioner has made a valiant effort to convince us that these automobiles were the tools of his trade which his employer required him, as a condition of his employment, to *162 keep for his own use and have available for customers and for which he was required to pay a use charge. He emphasizes that he was paid a commission on his sales and that he used the assigned automobiles in demonstrating new models to customers, in making calls on potential customers, in providing to customers to whom he had sold cars transportation while their cars were in the shop for repair, and the like. Without these tools of his trade, petitioner contends, he could not have conducted his commission sales business and, therefore, he should be entitled to deduct the use charges he paid for the cars. As we view the evidence, however, petitioner used the automobiles for both business and personal purposes. True, he used the cars for the business purposes described above, and in that connection he has been allowed gasoline and oil expense deductions. But he also used the cars in driving between his office and his home. "Congress has determined that all taxpayers shall bear the expense of commuting to and from work without receiving a deduction for that expense." Fausner v. Commissioner,413 U.S. 838, 839 (1973). To the extent that petitioner's use of the assigned *163 automobiles is attributable to providing him with transportation between his home and his place of business, that use is not business but is personal. In addition, the assigned automobiles were available for personal use after office hours and on weekends, and we have no doubt that they were so used. We think the most reasonable inference to be drawn from the credible evidence is that the use charge petitioner paid for the cars assigned to him represented an estimate of the value of the cars' personal use. The use charge was fixed at an amount considerably less than the customary rental or lease charge in recognition that the cars would be used for business as well as personal purposes. Accordingly, we find no ground for allowing petitioner a deduction for the use charge on the theory that it was a business expense. To give effect to other settled issues, Decision will be entered under Rule 155.
Footnotes
1. /↩ During about 2 1/2 months of 1970, General Motors' employees were on strike, and petitioner's employer adjusted the use charge during that period.